**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES of AMERICA, | No. 12-30241 |
| Plaintiff - Appellee, | D.C. No. CR-12-04-BLG-JDS-1 |
| v. | |
| R.P.J.H., Juvenile Female, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, District Judge, Presiding

Submitted April 10, 2013
Seattle, Washington**

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and COLLINS, District Judge.***

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Raner C. Collins, District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

R.P.J.H. appeals her adjudication as a juvenile delinquent following a bench trial in which she was found guilty of assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1) and (b). R.P.J.H. contends there was insufficient evidence to support her conviction and that the sentence imposed violates the Federal Juvenile Delinquency Act ("FJDA"), 18 U.S.C. §§ 5031-5042. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Viewing the evidence in the light most favorable to the prosecution, *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010), sufficient evidence was presented at R.P.J.H.'s trial to enable a reasonable finder of fact to conclude that she violated 18 U.S.C. § 111(a)(1) by knowingly and forcibly assaulting, impeding, intimating, and interfering with a federal officer while he was engaged in his official duties, and while using a deadly and dangerous weapon: her vehicle.

Officer LaMere testified R.P.J.H. drove her truck down the street in his direction three times, increasing her speed each time, and revving the truck's engine. Though there were factual disputes regarding the exact positioning and speed of the truck, the district court resolved these disputes in favor of the prosecution. The district court found LaMere's "testimony to be credible regarding the gradually more aggressive behavior each time" R.P.J.H. drove towards him, and that LaMere could reasonably believe R.P.J.H. was dangerous, based on the information he had regarding

2

her prior crimes. ER 213. An objectively reasonable person standing in Officer LaMere's shoes would have had a reasonable apprehension of immediate bodily harm when R.P.J.H. drove her truck in his direction while revving the engine. We therefore affirm R.P.J.H.'s adjudication as a juvenile delinquent under the FJDA.

R.P.J.H. also challenges her sentence, arguing that the district court did not appropriately consider the rehabilitative goals of the FJDA. We reject this claim.

A district court must exercise its sentencing discretion "in accordance with the rehabilitative functions of the FJDA, which requires an assessment of the totality of the unique circumstances and rehabilitative needs of each juvenile." *United States v. Juvenile*, 347 F.3d 778, 785 (9th Cir. 2003). In the months preceding the incident in this case, R.P.J.H. was involved in a number of serious criminal incidents, and the district court properly exercised its discretion by imposing a sentence that took into account R.P.J.H.'s delinquent behaviors and criminal history.

Additionally, the district court considered the various rehabilitative services the recommended juvenile facility would offer, including education, health care, mental health services, and a spiritual program sensitive to her American Indian culture. We also note that the twenty-four month sentence imposed in this case was well below the range recommended by the United States Sentencing Guidelines (57-71 months, as applicable to an adult). We conclude that the district court gave due regard to the

3

purposes underlying the FJDA and therefore did not abuse its discretion in fashioning an appropriate sentence.

**AFFIRMED.**